UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-81-HRW

MELINDA K. STEELE,                                            PLAINTIFF,

v.              **<u>MEMORANDUM OPINION AND ORDER</u>**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

       Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

       **II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

       Plaintiff filed her current application for supplemental security income benefits on August 18, 2003, alleging disability beginning in 1985 due to bronchitis, breathing problems, nerve problems, depression, back pain and pain in her feet (Tr. 133).

On March 4, 2004 and September 13, 2004, administrative hearings were conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearings, vocational experts also testified - Dwight McMillion at the March hearing and Anthony Michael at the September hearing .

Pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 24, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-29).

Plaintiff was 45 years old at the time of the hearing decision. She has an eleventh grade education and no significant work history.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 28).

The ALJ then determined, at Step 2, that Plaintiff suffered from mild retardation, depression, anxiety, alcohol abuse and breathing impairment, which he found to be "severe" within the meaning of the Regulations (Tr. 28).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28).

The ALJ further found that Plaintiff's substance abuse is material to her disability (Tr. 29). However, the ALJ found that, absent substance abuse, Plaintiff has the residual functional capacity ("RFC") to perform a significant range of light work. Relying upon testimony of the VE, the ALJ concluded these jobs exist in significant numbers in the national and regional economies, as identified by the VE. Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner (Tr. 10-12).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In this case, it is important to note that on March 29, 1996, Congress enacted legislation which bars a finding of disability if substance abuse, either drugs or alcohol, is a "contributing factor material to" the determination of disability. Pub. L. No. 104-121, § 105(b)(amending Title XVI of the Social Security Act).

Thus, in cases where alcohol abuse is of record, the pertinent inquiry is which limitations would remain absent substance abuse. *See,* 20 C.F.R. § 416.935 (b)(1) (2006). In other words, would the claimant still be disabled if she stopped drinking?

From a fair reading of Plaintiff's brief it would seem that she contends that the ALJ failed to consider a report from her treating physician dated July 29, 2002. Presumably, this report supports her argument that she is disabled.

The subject note is a letter from Pathways, Inc., to Plaintiff's counsel, signed by Pamela VanHorn, a clinical social worker, and Sandeep Saroch, M.D., a psychiatrist (Tr. 322). In the letter, Ms. VanHorn and Dr. Saroch state, "there is no way [Plaintiff] would be able to maintain employment" (Tr. 322).

The ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not

bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Moreover, the letter makes no mention of Plaintiff's alcohol abuse and how such abuse may or may not contribute to Plaintiff's reaction to stress, depression or mental functioning. As such, the report has no relevance to the dispositive issue in this case, to-wit, whether Plaintiff's substance abuse is material to the disability.

Plaintiff also contends that the Commissioner is bound by a March 30, 2000 decision in which an ALJ determined that Plaintiff could only do sedentary work. However, that decision was vacated by the Appeals Council and, as such, is not considered to be a "final" decision with preclusive force.

Bizarrely, in support of her motion, Plaintiff cites to the decision of the Eleventh Circuit Court of Appeals in *Doughty v. Apfel*, 243 F.3d 1274 (11th Cir.) as pertaining to which party bears the burden of disentangling alcoholism from other impairments (Pl.'s Memo. At 4). The *Doughty* court determined that the burden is on the claimant to prove that such abuse is not a contributing factor material to disability. *Id.* at 1276. Having reviewed the record, the Court finds that Plaintiff has fallen far short of carrying this burden. There is ample evidence in the record

which establishes that Plaintiff's substance abuse is material to a finding of disability.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 16, 2007.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge